IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., D/B/A INTEGRATED SPORTS MEDIA<br><br>PLAINTIFF,<br><br>VS.<br><br>LA CUCHARITA, LLC,<br><br>DEFENDANT. | CASE NO.: CV-2021-_____ |

## COMPLAINT

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight Program hereinafter set forth at length. The Defendant' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Tennessee

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Middle District of Tennessee, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Nashville Division of the Middle District of Tennessee is proper because a substantial part of the events or omissions giving rise to the claim occurred in Nashville, Tennessee and/or the United States District Court for the Middle District of Tennessee has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media. ("ISM") is a foreign corporation principally located at 15900 W Sunset Blvd # 4, Pacific Palisades, California, organized and existing under the laws of California who conducts interstate commerce in the State of Tennessee.

7. Defendant La Cucharita LLC is a Tennessee limited liability corporation with its principal place of business situated in Davidson County, Tennessee and whose registered agent may be served 15132 Old Hickory Blvd, Nashville, TN 37211-6758 USA.

8. Jurisdiction and Venue are proper in this Court as all named Defendant either reside or are principally located in Davidson County, Tennessee. Jurisdiction and Venue are proper because all alleged conduct, transactions and occurrences giving rise to all claims asserted by Plaintiff were undertaken in Davidson County, Tennessee.

## FACTS

9. Innovative Sports Management, Inc., d/b/a Integrated Sports Media. is a California-based company who is a commercial licensor and distributor of sporting events which include, but are not limited to, Pay-Per-View boxing events, Home Box Office ("HBO") Boxing Series and DirecTV Programming.

10. La Cucharita LLC, (referred to herein as the "Defendant") is in the hospitality industry whereby they have owned and operated La Cucharita LLC since August 8, 2016.
11. The Defendant' business model involves selling food, beverages and entertainment to its customers which includes "take out" food orders.
12. Often times, the Defendant will undertake marketing efforts through social media and other forms of advertising in order to reach their target audience.
13. Pursuant to contract, ISM, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"Columbia v. Peru Soccer Game,* telecast nationwide on June 9, 2019 (this included all of the television broadcast of the event, hereinafter referred to as the "*Program*").
14. Pursuant to contract, Plaintiff ISM, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Tennessee.
15. ISM granted the aforementioned entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).
16. In an intentional effort to boost food and drink sales at La Cucharita LLC, as early as June 8, 2019 until June 9, 2019, the Defendant began posting promotional materials for the *Program* on their FaceBook business page.
17. However, despite all their promotional and marketing efforts to customers, Defendant failed, refused, and/or neglected to purchase a commercial license to distribute the *Program* to its customers.
18. The Defendant further failed and/or neglected to supervise its managers and/or marketers who unlawfully marketed and distributed the *Program* via live broadcast to its customers on three separate television screens at La Cucharita LLC on June 9, 2019 without authorization.
19. Despite Plaintiff's repeated requests and demands for an amicable solution to this matter, the Defendant has refused to pay any licensing fees or damages to Plaintiff flowing from the unlawful marketing and distribution of the *Program*.

## COUNT ONE – CONVERSION AND THEFT

20. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.
21. Based upon the above and foregoing, Defendant' converted certain property of the Plaintiff to their own use without just cause, authority or permission to do so. Plaintiff made several demands upon Defendant and the Defendant have failed or refused to comply with said demands.
22. The Supervising Defendant: (i) knew or should have known of the wrongful acts of the Subordinate Defendant, (ii) authorized the wrongful acts of the Subordinate Defendant, (iii) ratified the wrongful acts of the Subordinate Defendant, (iv) said wrongful acts were calculated to benefit and did benefit the Supervising Defendant and/or (v) the Supervising Defendant knowingly participated in the wrongful acts of Subordinate Defendant and, therefore, the Supervising Defendant are liable for said wrongful acts and the punitive damages arising there from pursuant to 47 U.S.C. Section 605, *et seq*.
23. Plaintiff has been damaged in that it has been deprived of the use of these proceeds by the actions of the Defendant.
24. The actions of the Defendant was intentional, willful, malicious and without just cause.

WHEREFORE, the premises considered, Plaintiff prays that this Court will enter judgment against the Defendant, separately and severally, and in favor of the Plaintiff for all damages as a result of the Defendant' actions, including all incidental and consequential damages, compensatory and punitive damages, applicable interest, attorneys' fees, expenses, costs of court, and for such other amounts as this Honorable Court may deem just and proper.

## COUNT TWO –
## USE OF ACTION-CONVERSION/DEPRIVATION OF PROPERTY.

25. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.

26. Defendant converted certain property, funds, and proceeds of the Plaintiff. The Defendant failed to return the proceeds and/or fees owed to the Plaintiff.
27. Defendant were unjustly enriched by using Plaintiff's property, and by using funds generated from Plaintiff's property for their use and enjoyment.
28. This cause of action is brought pursuant to 47 U.S.C. Section 605, *et seq*.

WHEREFORE, the premises considered, Plaintiff prays that this Court will enter judgment against the Defendant, separately and severally, and in favor of the Plaintiff for all damages as a result of the Defendant' actions, including all incidental and consequential damages, compensatory and punitive damages, applicable interest, attorneys' fees, expenses, costs of court, and for such other amounts as this Honorable Court may deem just and proper.

## COUNT THREE - INTENTIONAL DEPRIVATION OF PROPERTY.

29. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.
30. Defendant has unlawfully and intentionally deprived and interfered with the Plaintiff's possession of its property. Defendant has ignored Plaintiffs' demand for repayment of the fees owed to Plaintiff.
31. This action is brought pursuant to Section to 47 U.S.C. Section 605, et seq based upon the Defendant's tortuous actions.

WHEREFORE, the premises considered, Plaintiff prays that this Court will enter judgment against the Defendant, separately and severally, and in favor of the Plaintiff for all damages as a result of the Defendant' actions, including all incidental and consequential damages, compensatory and punitive damages, applicable interest, attorneys' fees, expenses, costs of court, and for such other amounts as this Honorable Court may deem just and proper.

## COUNT FOUR - BREACH OF CONTRACT.

32. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.

33. Defendant and its agents breached their agreement with their cable provider of which, Plaintiff was an intended third-party beneficiary. The Defendant breached its agreement with its cable provider in failing to pay the license fee enumerated in the rate sheet to Plaintiff who was an intended third-party beneficiary.
34. Plaintiff has notified Defendant of said breach and Defendant have failed or refused to mitigate such damages suffered by the Plaintiff.

WHEREFORE, the premises considered, Plaintiff prays that this Court will enter judgment against the Defendant, separately and severally, and in favor of the Plaintiff for all damages as a result of the Defendant' actions, including all incidental and consequential damages, compensatory and punitive damages, applicable interest, attorneys' fees, expenses, costs of court, and for such other amounts as this Honorable Court may deem just and proper.

## COUNT FIVE – VIOLATION OF FEDERAL TRADE COMMISSION ACT

35. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.
36. Defendant's conduct violates Section 5(a) of the Federal Trade Commission Act (15 USC §45) by unlawfully marketing the *Program* without a commercial license to broadcast the *Program* to its customers.

WHEREFORE, the premises considered, Plaintiff prays that this Court will enter judgment against the Defendant, separately and severally, and in favor of the Plaintiff for all damages as a result of the Defendant' actions, including all incidental and consequential damages, compensatory and punitive damages, applicable interest, attorneys' fees, expenses, costs of court, and for such other amounts as this Honorable Court may deem just and proper.

## COUNT SIX
## (VIOLATION OF TITLE 47 U.S.C. SECTION 605)

37. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.

38. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff ISM, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

39. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment located at 15132 Old Hickory Blvd., Nashville, TN 37211.

40. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

41. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media had the distribution rights thereto).

42. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 605, *et seq.*

43. By reason of the Defendant' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff ISM Sports Production, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

44. As the result of the aforementioned Defendant' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT SEVEN

## (VIOLATION OF TITLE 47 U.S.C. SECTION 553)

45. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.

46. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq.*

47. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 553, *et seq.*

48. By reason of the Defendant' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media has the private right of action pursuant to Title 47 U.S.C. Section 553.

49. As the result of the aforementioned Defendant' violation of Title 47 U.S.C. Section 553, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media is entitled to the following from each Defendant:

   (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

   (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

   (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

   (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

## COUNT EIGHT - UNJUST ENRICHMENT.

50. Plaintiff readopts and re-alleges the allegations contained in the preceding paragraphs.

51. Defendant were/are in control or possession of Plaintiff's property and certain licensing fees.
52. The property and licensing fees are properly the property of Plaintiff.
53. Defendant, by actual or constructive fraud, duress or abuse of confidence, or the commission of wrong, or otherwise by a form of unconscionable conduct, questionable means or other inequitable conduct, have converted Plaintiff's property, withheld licensing fees from Plaintiff, taken those funds from Plaintiff and/or are currently in possession and control of funds to which Plaintiff is rightfully and equitably entitled.
54. It is inequitable to allow Defendant to retain those funds and avoid the statutory penalties for their conduct.
55. The foregoing acts of Defendant and/or failures to act, constitute past and continuing unjust enrichment of Defendant at Plaintiff's expense and loss.

WHEREFORE, Plaintiff demands judgment against Defendant (jointly and severally) for every relief available pursuant to this theory of recovery and as set forth in this complaint together with an order from the Court (a) directing Defendant to pay into this Court all funds which it is currently holding and any funds which it come to possess at any time following the Court's order, (b) declaring the rights of Plaintiff under this Count, (c) declaring that said acts and/or failures to act of Defendant have directly and/or proximately caused and otherwise resulted in Defendant being unjustly enriched and continuing to be unjustly enriched, (d) declaring that said acts and/or failures to act of Defendant have directly or proximately caused and/or otherwise resulted in Defendant being and continuing to be unjustly enriched, (e) directing Defendant to provide a full and proper accounting for all profits generated from its unlawful use of Plaintiff's property, (f) requiring disgorgement from every Defendant of the monetary value of said unjust enrichment, (g) requiring Defendant to provide restitution to Plaintiff for all property which should have been paid or is payable to Plaintiff.

RESPECTFULLY SUBMITTED

By:   /s/ Michael F. Braun
       Michael F. Braun (BPR 032669)
       Attorney for Plaintiff
       5016 Centennial Blvd., Ste. 200
       Nashville, TN 37209
       (615) 378-8942
       F: (629) 255-4445
       mfb@braun-law.com

**Defendant to be served:**

La Cucharita LLC
c/o La Cucharita LLC, Registered Agent
15132 Old Hickory Blvd,
Nashville, TN 37211